229 A.2d 849.

SALVATORE MATTERA *et al. vs.* ZONING BOARD OF REVIEW OF THE CITY OF PROVIDENCE.

JUNE 1, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

POWERS, J. This is a petition for certiorari which seeks to quash a decision granting variation from lot line regulations so as to permit additions to an existing gasoline service station presently operating as a nonconforming use. We issued the writ, and in compliance with its mandate the respondent board duly certified the pertinent records to this court for our examination.

It appears therefrom that the Shell Oil Company is the owner of a tract of land located at the corner of Broadway and Vinton street in the city of Providence; which tract consists of lots No. 777 and No. 779 on assessor's plat 28. The lots comprise some 7,360 square feet, fronting 109.17 feet at 303-309 Broadway and are situated in an R-4 zone.

A gasoline service station is not a permitted use in such zone, but for a number of years the Shell Oil Company has operated a two-bay station as a nonconforming use on the aforedescribed premises. Seeking to meet competition and modernize the present operation by adding a third bay and a building pylon, by removing a canopy over the existing sales office, and by replacing the existing sign and providing storage space for an additional 3,000 gallons of gasoline, Shell applied to respondent board for an exception or variation to the terms of the zoning ordinance, specifically secs. 44A-site use, 44C5-rear yard setback and 44C4-side yard setback.

Public notice of the application was duly given and a hearing held at which a representative of the Shell Oil

Company appeared, submitted his company's plans for the proposed changes and stated that the planned addition to the existing building, being 28′ 8″ x 13′ 4″, would come within two and one-half feet of the lot line of the adjacent property owner, who also appeared and recorded his objections. Because of the view we take of respondent board's decision, however, it would serve no useful purpose to discuss the tenor of his testimony.

Although none of the parties informed us and since the record is likewise silent, an examination of the Providence ordinance discloses that six feet are required as a side yard setback in a residence R-4 district. This requirement is mandated by chap. 544, art. IV, sec. 41-C3, of the zoning ordinance which relates to an R-1 district but made applicable to resident R-4 districts by sec. 44-C4. It was apparently because the proposed addition would come within less than six feet of the lot line that reference was made to said sec. 44-C4 in the application for an exception or variation. However, as heretofore noted, the application also refers to sec. 44-A which set forth the permitted uses, and sec. 44-C5 which is concerned with rear yard setbacks. It is impossible to determine from the record whether the proposed addition would be violative of rear yard setback requirements.

Moreover, the lot line specifications set forth in the cited sections relate to permitted uses in a residence R-4 district, while provisions for relieving restrictions on a non-conforming use are contained in sections of the ordinance to which the board makes no reference and to which it apparently gave no consideration.

Notwithstanding this, the board adopted a resolution authorizing the proposed additions and alterations. Their decision, however, is a bald grant of relief. It contains no findings, gives no reasons, and indeed does not so much as suggest the evidence by which the board was motivated.

Rather, it appears to rest on the fact that the board viewed the premises and surrounding property; although how they were aided thereby defies comprehension. Quite apart from their failure to comment on what they saw that might have been persuasive, it is obvious from the record before us that the board in reaching their decision did so without relating the evidence they were considering to the provision of the ordinance under which they were authorized to act.

We think that in such circumstances the decision of a zoning board of review is clearly arbitrary and not a valid exercise of the discretion with which it is vested. Although it is our opinion that the instant decision be quashed, we also hold that it be without prejudice to the applicant Shell Oil Company to be heard on a new application if it so desires.

The petition for certiorari is granted, the decision is quashed without prejudice as aforesaid, and the records certified in the cause are ordered returned to the respondent board with our decision endorsed thereon.

*Toro & Crouchley, Eugene F. Toro,* for petitioners.

*Robert J. McOsker, Edward F. Malloy,* for respondent.